IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00489-NRN

BRUSLY AUBDIAS VASQUEZ GOMEZ,

    Petitioner,

v.

PAMELA BONDI, U.S. Attorney General
KRISTI NOEM, U.S. Secretary of Homeland Security ("DHS"),
TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement,
ROBERT GUADIAN, Acting Denver Field Office Director,
JUAN BALTAZAR Warden of Denver Contract Detention Facility,
IN THEIR OFFICIAL CAPACITIES,

    Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

    This case is before the Court on Brusly Audbias Vasquez Gomez's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Denver Contract Detention Facility. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS** the Petition.

## BACKGROUND

    This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond

hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Petitioner asks that he be released unless Respondents provide a bond hearing under § 1226(a) within seven days. ECF No. 1 at 3.

Petitioner is a citizen of Guatemala who entered the United States on or about February 6, 2019. *Id.* ¶ 23. Upon entry, Petitioner was issued a Notice to Appear ("NTA") that lacked the date and time of his hearing as well as the date of issuance and was not filed with the immigration court. *Id.* ¶ 24. In November 2025, Petitioner was detained after a vehicle he was a passenger in was stopped in Florida; he was not charged with any crimes, offenses, or infractions. *Id.* ¶ 27. On December 7, 2025, the Department of Homeland Security ("DHS") filed an NTA with the Executive Office of Immigration Review ("EOIR"), which commenced removal proceedings against Petitioner. *Id.* ¶ 25 On January 13, 2026, Petitioner filed a motion for custody redetermination providing evidence of his good moral character demonstrating that he is

neither a danger to the community nor a flight risk.[1] *Id.* ¶ 26. He has been detained since his arrest.

Petitioner argues that he would qualify for release on bond under 8 U.S.C. § 1226, and Respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. § 1226(c). Instead, Respondents contend that Petitioner's detention is governed by § 1225(b)(2)(A), which applies to noncitizens who are deemed to be "applicants for admission" because they entered the country without inspection and have never been admitted, and requires detention of any "applicant for admission" if an "examining immigration officer determines that [the] alien seeking admission is not clearly and beyond a doubt entitled to be admitted." *See* ECF No. 8 at 1–2. Respondents' argument has been raised and rejected by several other judges in this District. *See Jimenez Facio*, 2025 WL 3559128, at 2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for several years). This Court will do the same.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312

---

[1] The Petition represents the filing date as January 13, 2025, which the Court assumes is a clerical error.

3

U.S. 275, 286 (1941). To meet that burden, Petitioner argues that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing. The Court finds that Petitioner has met his burden.

While Respondents recognize that numerous courts have rejected their position, they note that the Fifth Circuit recently held otherwise. *See* ECF No. 8 at 2 (citing *Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25- 40701, --- F.4th ----, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026)). Obviously, the Fifth Circuit's decision is not binding authority on this Court, and, as to persuasiveness, the Court respectfully finds in Judge Douglas's dissent a more rigorous and compelling legal analysis of the relevant statutory provisions. *See also Singh v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026) (explaining in detail why *Buenrostro-Mendez* does not compel a contrary outcome).

The Court is "firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases." *Diaz Marquez*, 2026 WL 370864, at *1. Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights. *See Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual

backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED**.

It is further **ORDERED** that

1) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order;

2) Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

3) Respondents shall file a status report within five days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: February 20, 2026.

BY THE COURT:

*[signature]*

N. Reid Neureiter
United States Magistrate Judge